Matter of Adges (2020 NY Slip Op 04299)





Matter of Adges


2020 NY Slip Op 04299


Decided on July 29, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2017-03219

[*1]In the Matter of Michael Adges, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Michael Adges, respondent. (Attorney Registration No. 2092039)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding against the respondent by service of a notice of petition dated March 22, 2017, and a verified petition dated March 21, 2017. The respondent served and filed a verified answer dated April 21, 2017. By decision and order on application of this Court dated June 9, 2017, the issues raised were referred to the Honorable John Kase, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 18, 1987.



Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated March 21, 2017, containing six charges of professional misconduct. The respondent filed a verified answer dated April 21, 2017. After the petitioner served and filed a Statement of Disputed and Undisputed Facts, and the respondent served his papers in response, this Court, by decision and order on application dated June 9, 2017, appointed a Special Referee to conduct a hearing. By decision and order on motion dated January 18, 2018, the petitioner was granted leave to amend charges one and two of the verified petition. Thereafter, the parties filed a Joint Statement of Disputed and Undisputed Facts dated March 30, 2018. Following pre-hearing conferences conducted on March 29, 2019, and May 8, 2019, and hearings held on June 20, 2019, July 10, 2019, July 11, 2019, and July 25, 2019, the Special Referee issued a report dated September 11, 2019, in which he sustained all six charges. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent's counsel submitted opposition papers to the petitioner's motion to confirm the report of the Special Referee, and requests, inter alia, that the matter be referred for a re-hearing before another Special Referee. Based upon the respondent's admissions and the evidence adduced at the hearing, we find that although the Special Referee improperly sustained factual specifications alleged in paragraphs 12(a) through 12(c) and 12(e) of charge one, he properly sustained charge one insofar as he sustained the factual [*2]specifications alleged in paragraphs numbered 1 through 11, 12(d), and 13 through 17, and charges 2 through 6, and all charges are sustained.
The Petition 
Charge one, as amended, alleges that the respondent violated his fiduciary duties and misappropriated funds entrusted to him as a fiduciary, in violation of former DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows:
In or around May 2007, the respondent represented the seller Ernestine Wooten-Kolajo and/or Robert Wooten (hereinafter the client) in the sale of property located in Brooklyn (hereinafter the Brooklyn property) to Stanley Pasula of Boynton Beach, Florida. There was no real estate broker involved in this transaction. The respondent prepared the contract of sale for the Brooklyn property, which provided for a sales price of $730,000, with no down payment.
On May 31, 2007, the respondent appeared on behalf of the client at the closing on the sale of the Brooklyn property, and received a $598,194.31 check, representing all or a portion of the net proceeds of sale due the client (hereafter the Wooten/Kolajo funds). Following the closing, the respondent, as a fiduciary, deposited the Wooten/Kolajo funds into his attorney escrow account at JP Morgan Chase Bank, account ending in 5965. While entrusted with the Wooten/Kolajo funds, the respondent disbursed escrow check #3235 dated June 20, 2007, in the sum of $58,500 to himself, without permission or authorization from his client.
Between June 14, 2007, and September 18, 2007, the respondent disbursed an additional $125,000 from his escrow account, as follows:
DateCheck# Payee Amount 
6/14/07 3223 Edward J. Grossman $10,000
6/20/07 3232 John Arweiler, Esq. $30,000
6/20/07 3233 Edward J. Grossman $25,000
9/18/07 3268 Edward J. Grossman, as attorney $60,000
Between June 5, 2007, and June 9, 2008, the respondent disbursed $188,000 from his escrow account to Robert Wooten (hereinafter Wooten), as follows:
DateTransactionAmount 
6/05/07 bank transfer$20,000
7/02/08 bank transfer$40,000
1/25/08 wire transfer$15,000
2/27/08 bank transfer$ 8,000
4/15/08 bank transfer$16,000
6/09/08 bank transfer$89,000
Following all of the above-referenced disbursements, the balance of the Wooten/Kolajo funds remaining in the respondent's escrow account was $74,194.31. Although requested by Wooten, the respondent failed to account for the balance of the Wooten/Kolajo funds in his escrow account.
Charge two, as amended, alleges that the respondent violated his fiduciary duties by failing to render a required and accurate account of the funds he was holding as a fiduciary in his escrow account, in violation of former DR 9-102(c)(3) of the Code of Professional Responsibility (22 NYCRR 1200.46[c][3]), as follows:
In addition to the factual specifications recited in charge one, following the May 31, 2007, closing, the respondent was asked by Wooten for an accounting of the Wooten/Kolajo funds. The respondent provided three conflicting and inaccurate letters purporting to explain and account for how he disbursed the Wooten/Kolajo funds.
By letter dated June 13, 2007, the respondent provided Wooten with a proposed statement of disbursements for his review and approval. This letter advised Wooten that the respondent proposed to disburse the proceeds of the sale to six recipients, as follows:
PayeeAmount 
Avraham Mardo $68,000
Margalit Dadush $68,500
NissimVashdi $10,000
John Arweiler, Esq. $30,000
Silver Lining Realty$75,000
Edward J. Grossman $70,000
However, as of June 13, 2007, the respondent had previously disbursed $10,000 to Nissim Vashdi, $68,500 to Margalit Dadush, and $68,000 to Avraham Mardo. Silver Lining Realty is a real estate brokerage firm solely owned and operated by the respondent.
The respondent provided a second letter to Wooten dated November 14, 2007, purporting to account for the Wooten/Kolajo funds. In this letter, the respondent acknowledged receipt of $604,194.31 in proceeds, not $598,194.31, and set forth the following disbursements:
PayeeAmount 
Avraham Mardo$68,000
Margalit Dadush$68,500
Nissim Vashdi$16,000
Michael Adges, Esq.$10,000
Edward J. Grossman$10,000
Robert Wooten$20,000
Robert Wooten$40,000
John Arweiler, Esq.$30,000
Edward J. Grossman$25,000
Silver Lining Realty$58,500
Edward J. Grossman$30,000
Invested $30,000
According to the respondent's November 14, 2007, letter, the balance remaining and owed to Wooten/Kolajo was $198,194.31. Contrary to the November 14, 2007, letter, the respondent did not disburse $58,500 of the Wooten/Kolajo funds to Silver Lining Realty as he had so advised. Rather, he disbursed $58,500 to himself personally.
By letter dated April 10, 2008, the respondent provided Wooten/Kolajo with another statement and accounting of his post-closing disbursements. This letter reflected a sales price of $375,000, not the $730,000 as reflected in the contract of sale and HUD 1 Settlement Statement. In the respondent's April 10, 2008, letter, the following disbursements are listed:
Payee Amount 
Nissim Vashdi $ 16,000
Michael Adges, Esq. $ 10,000
Edward J. Grossman $ 10,000
Robert Wooten $ 20,000
Robert Wooten $ 40,000
John Arweiler, Esq. $ 30,000
Edward J. Grossman $ 30,000
Edward J. Grossman $ 25,000 
Total: $181,000
Post-closing Disbursements:
wire to Robert Wooten 09/20/07 $ 40,000
wire to Robert Wooten 12/20/07 $ 25,000
wire to Robert Wooten 01/25/08 $ 15,000
wire to Robert Wooten 02/27/08 $ 8,000 
Total: $ 88,000
The respondent's April 10, 2008, letter advised Wooten/Kolajo that the balance of the Wooten/Kolajo funds remaining on deposit in his escrow account and due and owing to Wooten/Kolajo was $106,000. The respondent failed to provide Wooten with documentation accurately reflecting how and to whom he disbursed the Wooten/Kolajo funds and the amounts, if any, due and owing Wooten/Kolajo.
Charge three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of former DR 1-102(a)(4) of the Code of Professional Responsibility (22 NYCRR § 1200.3[a][4]), as follows:
The factual specifications recited above in charges one and two are repeated and realleged as if more fully set forth herein. The respondent prepared and submitted the three letters dated June 13, 2007, November 14, 2007, and April 10, 2008, to Wooten, which were inaccurate, false, and misleading.
Charge four alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former DR 1-102(a)(7) of the Code of Professional Responsibility (22 NYCRR § 1200.3[a][7]), based upon the factual specifications set forth in charges one, two, and three.
Charge five alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or around May 2010, an action was commenced against the respondent in the Supreme Court, Nassau County, under Index No. 9392/2010, entitled Robert S. Wooten and Ernestine Wooten-Kolajo v Michael C. Adges, D/B/A Silver Lining Realty (hereafter the Wooten action). The verified complaint in the Wooten action dated April 26, 2010, asserted eight causes of action including: (1) conversion; (2) misappropriation; (3) fraud; (4) failure to provide an accounting; (5) demand for a constructive trust; (6) breach of fiduciary duty; (7) deceptive trade practices; and (8) criminal indifference. On or about June 27, 2012, an amended verified complaint was filed and served in the Wooten action naming the respondent as the only defendant and adding a ninth cause of action for negligence.
On or about July 14, 2014, a stipulation of settlement (hereinafter the stipulation) was entered into between the parties to the Wooten action, pursuant to which the respondent agreed to pay the sum of $125,000 to Wooten in full settlement of all claims in the action. The respondent was obligated to pay $10,000 upon execution of the stipulation on or before July 25, 2014, $15,000 on or before August 15, 2014, and $1,000 per month for 100 months thereafter, commencing September 15, 2014, until the settlement sum of $125,000 was paid in full. The respondent failed to timely pay the first two installments required by the stipulation.
On or about September 3, 2014, the respondent, through his attorney, paid $25,000 to Wooten's attorney. Thereafter, the respondent failed to pay any additional sums to Wooten and defaulted under the stipulation.
In May 2015, a default judgment was entered against the respondent in an amount to be determined at an inquest. In or around July 2015, an inquest was held and an amended stipulation of settlement (hereinafter the amended stipulation) was entered into between the parties to the Wooten action. Pursuant to the amended stipulation, the respondent agreed to pay Wooten $112,500 in full settlement of all claims in the action. The respondent was obligated to pay $50,000 upon the execution of the amended stipulation on or before September 1, 2015, $1,000 per month for 62 months thereafter commencing October 1, 2015, and on the first day of each month thereafter, with a final payment of $1,500, until the settlement sum of $112,500 was paid in full. The respondent failed to make any payments in accordance with the amended stipulation.
On September 25, 2015, after an inquest, a judgment was entered in favor of Wooten and Wooten-Kolajo and against the respondent in the sum of $217,472.50. The respondent failed to pay any portion of that judgment entered against him.
Charge six alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to cooperate with the lawful demands of the petitioner in its investigation of a complaint filed against him by Wooten, as follows:
By letter dated December 14, 2012, sent by first class mail to the respondent at his registered business address with the Office of Court Administration (hereinafter the office address), the respondent was provided with a copy of the complaint filed against him by Wooten involving the Brooklyn property. Because the matters complained of were the subject of litigation, the respondent was advised that the matter would be held in abeyance pending conclusion of the litigation, or until further notice. The petitioner requested the respondent to notify the petitioner of a settlement, verdict, or other disposition of the litigation when obtained.
By letter dated April 28, 2015, sent by first class mail to the respondent at the office address, the respondent was asked to provide the petitioner with the status of the litigation within 10 days of his receipt of the petitioner's April 28, 2015, letter. The respondent failed to provide the [*3]petitioner with the status of the litigation as requested.
After a second request was made by the petitioner, the respondent, by letter dated July 9, 2015, advised the petitioner that the litigation was resolved by a stipulation of settlement, but that he was unable to comply with the terms of the stipulation of settlement.
By letter dated September 17, 2015, sent by first class mail to the respondent's office address, the respondent was advised that the petitioner would now be pursuing an investigation into Wooten's allegations and was asked to submit his written answer to the Wooten complaint, including a description and summary of his representation of Wooten and full accounting of all funds involving the Brooklyn real estate transaction, within 10 days of his receipt of the petitioner's September 17, 2015, letter. The respondent failed to submit a written response to the Wooten complaint as requested.
A second request for the respondent's answer to the Wooten complaint was made by the petitioner by letter dated October 21, 2015, and sent to the respondent by certified mail, return receipt requested, at his office address. On or about November 20, 2015, the respondent advised the petitioner that he was attempting to secure counsel and was granted a one-week extension to submit his written response to the Wooten complaint. Thereafter, the respondent failed to timely or otherwise submit a written response to the Wooten complaint as requested.
A third request for the respondent's answer to the Wooten complaint was made by the petitioner by letter dated December 30, 2015, sent to the respondent by both first class mail and certified mail, return receipt requested, to his office address. The respondent was provided with a copy of the petitioner's previous letters, dated October 21, 2015, and September 17, 2015, and was again requested to submit a written response to the Wooten complaint, including a description and summary of his representation of Wooten and full accounting of all funds involving the Brooklyn real estate transaction, together with an explanation for his failure to timely cooperate with the petitioner, within 10 days of his receipt of the petitioner's December 30, 2015, letter. The respondent failed to submit a written response to the Wooten complaint as requested.
On or about March 17, 2016, the respondent was served with a Judicial Subpoena and Judicial Subpoena Duces Tecum commanding his appearance at the petitioner's office on April 5, 2016, requiring the production of his entire real estate file and related bank records and checks involving the Wooten Brooklyn real estate transaction. On or about March 28, 2016, the respondent advised the petitioner that he was meeting with an attorney in an attempt to secure counsel and his request for an adjournment of his appearance was granted. The respondent did not retain counsel at that time.
By letter dated May 24, 2016, sent by first class mail to the respondent's office address, the respondent was directed, pursuant to the previously served subpoenas, to appear at the petitioner's office on June 17, 2016, and produce his file in his representation of Wooten.
By letter dated June 9, 2016, sent by both first class mail and certified mail, return receipt requested, to the office address, the respondent was reminded that he was required to appear at the petitioner's office on June 17, 2016, and produce his entire legal file and related bank records and checks involving his representation of Wooten involving the Brooklyn real estate transaction.
On or about June 16, 2016, the respondent advised the petitioner that he was again attempting to retain counsel and his request for an adjournment of his appearance was granted. On or about August 9, 2016, the petitioner was advised that the respondent had retained counsel and his appearance before the petitioner was scheduled for October 20, 2016.
On October 20, 2016, the respondent appeared before the petitioner with counsel to give testimony but failed to produce, in accordance with the subpoenas, any written response to the Wooten complaint, or his real estate file and related bank records and checks. As of the date of the petition, the respondent had failed to provide the petitioner with (1) a written response to the Wooten complaint and (2) copies of his real estate file and related bank records and checks.
Findings and Conclusion 
Based upon the respondent's admissions and the evidence adduced at the hearing, we find that although the Special Referee improperly sustained the factual specifications alleged in paragraphs 12(a) through 12(c) and 12(e) of charge one, he properly sustained charge one insofar as he sustained the factual specifications alleged in paragraphs numbered 1 through 11, 12(d), and 13 through 17, and charges 2 through 6, and all charges are sustained.
In determining an appropriate measure of discipline to impose, this Court has considered that the respondent did not offer evidence in mitigation at the hearing and maintained that [*4]he acted in accordance with the Rules of Professional Conduct. After the hearing, the respondent submitted letters in support of his character, and claimed that he had performed pro bono and volunteer services, but he continued to assert that his conduct did not warrant public discipline. We find that the respondent failed to honor his obligations as a fiduciary by misappropriating client funds and by not fully accounting for the client funds entrusted to him, that he failed to satisfy a judgment incurred incident to his practice of law, and that he failed to cooperate with the petitioner. As an aggravating factor we have considered, although remote, the Letter of Caution issued to the respondent in 2004.
Under the totality of circumstances, we find that a suspension from the practice of law for a period of two years is warranted. Additionally, we find that the respondent's future reinstatement to practice should be conditioned upon his repayment of the judgment entered in the New York State Supreme Court, Nassau County, on September 25, 2015, in favor of Robert S. Wooten and Ernestine Wooten-Kolajo, in the amount of $217,472.50.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted except to the extent it seeks to confirm the Special Referee's determination sustaining the factual specifications alleged in paragraphs 12(a) through 12(c) and 12(e) of charge one, and the motion is denied to the extent it seeks to confirm the Special Referee's determination sustaining the factual specifications alleged in paragraphs 12(a) through 12(c) and 12(e) of charge one; and it is further,
ORDERED that the respondent, Michael Adges, is suspended from the practice of
law for a period of two years, commencing August 28, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 28, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), (4) satisfied the judgment entered in the New York State Supreme Court, Nassau County, on September 25, 2015, in favor of Robert S. Wooten and Ernestine Wooten-Kolajo, in the amount of $217,472.50, and (5) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Michael Adges, shall promptly comply with the rules
governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 691.10); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and
until such further order of this Court, the respondent, Michael Adges, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Adges, has been issued a secure pass by
the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court